UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| ALPHA BAH, | : | CIVIL NO. 4:09-CV-1891 |
|---|---|---|
| Petitioner, | : | (Judge McClure) |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| ATTORNEY GENERAL, et al., | : | |
| Respondents. | : | |

**REPORT AND RECOMMENDATION**

I.  **Statement of Facts and of the Case**

This case involves a habeas corpus petition filed on October 1, 2009 by an immigration detainee. The petitioner, Alpha Bah, is a citizen and national of Guinea who was being held in immigration custody at the York County Prison pending deportation. On October 1, 2009 Bah filed a *pro se* habeas corpus petition in federal court. Alleging that he had been held by immigration officials since March 2009, and citing the Supreme Court's decision in Zadvydas v. Davis, 533 U.S. 678 (2001), Bah sought release from immigration custody pending completion of these removal proceedings. (Doc. 1.)

On October 2, 2009, this Court ordered the United States to respond to Bah's petition. (Doc. 5.) In a commendable showing of industry, the United States filed its

response to this petition within four days, on October 6, 2009. (Doc. 7.) That response, in part, recited that "ICE's counsel has informed [government counsel] that Bah was released from ICE custody on October 1, 2009, pursuant to an order of supervision." (Doc. 7.) Thus, the record reveals that Bah received precisely the relief he sought in his petition, release from ICE custody pending the completion of these removal proceedings, on the very date he filed his *pro se* habeas corpus petition. On these facts, the United States suggests that this petition should now be dismissed as moot.

We concur.

## II.     Discussion

The United States is correct in suggesting that, in light of the action recently taken by immigration officials, this case is now moot and should be dismissed. The mootness doctrine recognizes a fundamental truth in litigation: "[i]f developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot." Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996). In the context of habeas corpus petitions mootness questions often turn on straightforward factual issues. Thus:

> [A] petition for habeas corpus relief generally becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition. Lane v. Williams, 455 U.S. 624, 631, 102 S.Ct. 1322, 71 L.Ed.2d 508 (1982). This general principle derives from the

2

case or controversy requirement of Article III of the Constitution, which "subsists through all stages of federal judicial proceedings, trial and appellate ... the parties must continue to have a personal stake in the outcome of the lawsuit." Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477-78, 110 S.Ct. 1249, 108 L.Ed.2d 400 (1990) (internal citations and quotations omitted). In other words, throughout the litigation, the plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Id. at 477, 110 S.Ct. 1249(citations omitted).

DeFoy v. McCullough, 393 F.3d 439, 441-442 (3d Cir. 2005)

The mootness doctrine often applies with particular force to habeas petitions filed in immigration matters. In the context of federal habeas petitions brought by immigration detainees, it is well-settled that administrative action by immigration officials addressing the concerns raised by an alien's petition renders that petition moot. Burke v. Gonzales, 143 F. App'x 474 (3d Cir. 2005); Gopaul v. McElroy, 115 F. App'x 530 (3d Cir. 2004). Thus, for example, the deportation of an alien frequently makes an immigration habeas petition moot. See Lindaastuty v. Attorney General, 186 F. App'x 294 (3d Cir. 2006).

Moreover, the courts have spoken directly to the issue presented here; namely, whether, the release of an immigration detainee from ICE custody renders moot any further complaints regarding the fact of that detention. In Sanchez v. Attorney General, 146 F. App'x 547 (3d Cir. 2005), the United States Court of Appeals for the Third Circuit held that for petitioners like Bah, who challenge their continued

immigration custody pending removal proceedings under Zadvydas, a decision by immigration officials releasing the alien pending completion of removal proceedings makes the habeas petition entirely moot, and compels dismissal of the petition. Sanchez , 146 F. App'x at 548-49.

While the Sanchez decision is not precedential, it is highly persuasive as a "paradigm of the legal analysis [this Court] should . . . follow." Drinker v. Colonial Sch. Dist., 78 F.3d 859, 864 n.12 (3d Cir. 1996). We find the reasoning in Sanchez compelling and conclude, consistent with Sanchez, that the dismissal of Bah's petition as moot is appropriate here since Bah has already received the relief he sought, release from ICE custody pending completion of his removal proceedings.

### III. Recommendation

Accordingly, for the foregoing reasons, upon consideration of this Petition for Writ of Habeas Corpus, and the Notice of Mootness filed by the Government in this case, IT IS RECOMMENDED that the Petition be DENIED as moot, and that a certificate of appealability should not issue. The Petitioner is further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within ten (10) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections

4

which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 9th day of October 2009.

                             *S/Martin C. Carlson*
                             **United States Magistrate Judge**